UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHANE SITTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00860-SRC |
| | ) |
| FULTON CORRECTIONAL CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint purportedly filed by self-represented plaintiff Shane Sitton (registration no. 1147582), an inmate currently incarcerated at the Northeast Correctional Center.  Doc. 1.  The Court says "purportedly" because it appears that Sitton himself did not file this case and instead that serial litigant and fellow inmate Joseph Engel did.  For the reasons explained below, the Court grants Sitton leave to proceed *in forma pauperis* and dismisses this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

At the time plaintiff purported to file this complaint, he neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*.  The complaint, however, states: "Application to Proceed in District Court without Prepaying Fees or Cost," and that plaintiff earns only $8.50 per month.  The Court liberally construes these statements as a request for leave to proceed without prepaying fees or costs, or in other words, to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

The complaint states that plaintiff earns $8.50 per month and "can't get account statement." Accordingly, the Court assesses an initial partial filing fee of $1.70, which is twenty percent of plaintiff's average monthly earnings. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the

facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

## The Complaint

The complaint includes a case caption identifying the name of this Court, plaintiff's name, and the title "Prisoner Civil Rights Complaint Under 42 U.S.C. 1983." Doc. 1. The complaint names Fulton Correctional Center and the MODOC (Missouri Department of Corrections) as defendants. The complaint alleges that in December of 2020 plaintiff was housed in the same wing as an individual who tested positive for Covid-19. The complaint identifies plaintiff's injuries as "Civil Rights, Prisoner Rights, Physical Health, [and] Mental Health." The complaint does not allege plaintiff contracted Covid-19 from the infected inmate. For relief, plaintiff seeks "650 Billion Dollars."

The Court takes notice that although the complaint purportedly includes the signature of plaintiff Shane Sitton, the return address on the envelope lists the name, "Joseph Engel #1069055[.]" Since September of 2020, Mr. Engel has filed more than 160 complaints in this

3

Court, and all of which have been reviewed under 28 U.S.C. § 1915 and have been dismissed for failure to state a claim, frivolity, and/or maliciousness.  The Court therefore is familiar with Mr. Engel, his modus operandi, and his handwriting.  The manner in which Mr. Engel prepared his numerous ill-fated complaints and his demands for relief are roughly the same as plaintiff purports to allege in the instant action.  The handwriting in the instant complaint appears to be that of Mr. Engel.  Since December 22, 2020, Mr. Engel has been subject to the three strikes rule under 28 U.S.C. § 1915(g) and has been repeatedly instructed to avoid engaging in abusive litigation practices.

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action must be dismissed.  *See* 28 U.S.C. § 191(e)(2)(B).

Plaintiff's claims against the two sole defendants, Fulton Correctional Center and the Missouri Department of Corrections, are legally frivolous because such entities cannot be sued under § 1983.  A claim brought pursuant to § 1983 against the defendant entities is barred by the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Jackson v. Missouri Board of Probation and Parole*, 306 Fed. App'x 333 (8th Cir. 2009).  A suit against the Missouri Department of Corrections or a state correctional center is, in effect, a suit against the State of Missouri.  The State of Missouri, however, is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989); *Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not a "person" subject to § 1983 suit).  Therefore, the Court dismisses plaintiff's claims against the two state defendant entities as legally frivolous.

4

Additionally, the complaint was written in Mr. Engel's handwriting, and is presented in the format that Mr. Engel normally submits his complaints.  What purports to be Mr. Sitton's signature also looks like Mr. Engel's.  As discussed above, Mr. Engel is excessively litigious in this Court and has submitted over 160 complaints.  It appears to the Court that this case is an attempt by Mr. Engel to do an end-run around the three-strikes rule; and, assuming without deciding that it is another attempt by Mr. Engel, who is not an attorney, to act as attorney, the complaint fails for that reason, as well.  The Court's dismissal without prejudice allows Mr. Sitton to file his own case, in his own pen, and under his own signature, should he be so inclined; it further allows Mr. Sitton himself to come forward with evidence that would cause the Court to re-visit whether to impose a filing fee on Mr. Sitton.  However, the Court must dismiss this case for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.

Dated this 15th day of November 2021.

*SL R. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE